Phong L. Tran (SBN 204961)
Maya N. Ramos (SBN 364151)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Phong.Tran@jacksonlewis.com
Maya.Ramos@jacksonlewis.com

Attorneys for Defendant
GOLDEN BANK, NATIONAL
ASSOCIATION, doing business as
GOLDEN BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDEN PHONG, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>GOLDEN BANK, NATIONAL ASSOCIATION doing business as GOLDEN BANK, N.A.; PATRICIA CHOU, an individual; CANDY CHAN, an individual; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Declarations of Phong L. Tran and Florence Teng; Certificate of Interested Persons; and Corporate Disclosure Statement]*<br><br>Judge:<br>Magistrate Judge:<br>Complaint Filed:  10/23/2025<br>Removal Filed:    12/10/2025<br>Trial Date:       Not Set |

TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, PLAINTIFF GORDEN PHONG, AND HIS ATTORNEYS OF RECORD:

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

Please take notice that Defendant GOLDEN BANK, NATIONAL ASSOCIATION, doing business as GOLDEN BANK, N.A. ("Golden Bank"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles (the "Superior Court") to the United States District Court for the Central District of California, Western Division (the "Court"). Golden Bank respectfully submits the following statement of grounds for removal pursuant to the provisions of 28 U.S.C. § 1446.

## I. PRELIMINARY STATEMENT OF JURISDICTION

1. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441. Defendant may therefore remove this action to this Court because it is a civil action between "citizens of different States" and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## II. PLEADINGS AND PROCESS

2. On October 23, 2025, Plaintiff Gorden Phong ("Plaintiff") filed a lawsuit in the Superior Court of California in and for the County of Los Angeles, entitled *Gorden Phong v. Golden Bank, National Association, et al.*, Case No. 25STCV30934 ("Complaint"). A true and correct copy of the Complaint and Civil Case Cover Sheet are attached as **Exhibit A** to the Declaration of Phong L. Tran ("Tran Decl."), filed herewith. On October 23, 2025, a summons was filed and issued. (*Id.,* **Exhibit B**.)

3. In his Complaint, Plaintiff alleges the following five causes of action: (1) Wrongful Termination in Violation of Public Policy [against Golden Bank]; (2) Retaliation and Wrongful Termination in Violation of Labor Code § 1102.5 [against Golden Bank and individual defendants, Patricia Chou and Candy Chan (Chou and Chan are collectively referred to herein as the "Individual Defendants")]; (3) Violation of Labor Code § 232.5 [against Golden Bank and the Individual Defendants]; (4) Private Attorney General Act [against Golden Bank]; and (5) Failure to Provide Personnel and Payroll Records [against Golden Bank and the Individual Defendants].

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

4.      Plaintiff served the Summons and Complaint on Golden Bank by substituted service on October 31, 2025. (Tran Decl.,¶ 4.) Plaintiff mailed a copy of the Summons and Complaint to Golden Bank on October 31, 2025. (*Id.*) Upon information and belief, Plaintiff has not served the Summons and Complaint on the Individual Defendants, Patricia Chou and Candy Chan. (*Id.*)

5.      In this case, Patricia Chou and Candy Chan are fraudulently joined, "sham defendants," who were formally added as Defendants to defeat diversity. Fraudulently joined defendants need not consent to removal. *Chambers v. HSBC Bank USA, N.A.*, 796 F. 3D 560, 564-65 (6th Cir. 2015).

6.      Golden Bank filed an Answer and the Notice to the State Court on 12/10/2025. (Tran Decl., ¶ 5, Exh. C.)

7.      According to the Los Angeles Superior Court Docket, no Proofs of Service have been filed in this matter as to Candy Chan, Patricia Chou, or any Doe Defendants. (Tran Decl., ¶ 6.) As of the date of this Removal, the attached **Exhibits A** to **C** constitute the only pleadings filed in this Action. (*Id.*) No further pleadings have been filed, and no further proceedings have occurred in the state court. (*Id.*) A true and correct copy of the current Los Angeles County Superior Court Docket for this matter is attached as **Exhibit D**. (*Id.*)

### III.     TIMELINESS OF REMOVAL

8.      A defendant in a civil action has until thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1079 (9th Cir. 2024) ("Even though § 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served, that does not mean that a defendant cannot remove until it has both received the complaint and been formally served"). Under Cal. Civ. Proc. Code § 415.20, when a defendant is served by substituted service, service is deemed complete on the tenth day after mailing the summons and complaint. Therefore,

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

this Notice of Removal is timely because it is filed within 30 days after service was complete. (Tran Decl. ¶ 4.)

## IV.   VENUE

9.    Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), which provides in pertinent part that "any civil action brought in the State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court in and for Los Angeles County. Plaintiff's employment and termination took place in Los Angeles County. (Compl. ¶ 4.) Thus, venue properly lies in the United States District Court for the Central District of California under 28 U.S.C. §§ 84(c), 1391(a), 1441(a), and 1446(a).

## V.   THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

10.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of compliance shall be filed promptly afterward with this Court. (Tran Decl., ¶ 7.)

11.    As required by Federal Rule of Civil Procedure 7.1, Golden Bank is concurrently filing their Corporate Disclosure Statement.

## VI.   THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO § 1332(a)

### A.    Complete Diversity Exists Between Plaintiff and the "Properly Joined and Served" Defendant, Golden Bank

12.    This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of different States" (Plaintiff and Defendants properly joined and served); and (2)

4

wherein the amount in controversy exceeds the sum of $75,000.000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441. Diversity of citizenship is determined "as of the time the complaint is filed, and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

### (1)   Plaintiff Is a Citizen of California.

13.   For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which the individual is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.")

14.   Plaintiff's human resources, personnel, and payroll records indicate that at all relevant times during his employment, Plaintiff resided in the County of Los Angeles in California. (Declaration of Florence Teng ("Teng Decl.") ¶ 7.) Additionally, the Complaint states that, at all relevant times, Plaintiff has been a resident of Los Angeles County in the State of California. (Compl. ¶ 5.) *See also, Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 LEXIS 106507, AT *9 (N.D. Cal. Aug. 11, 2016) ("Courts within this district have also found that diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary"); *Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 LEXIS 96719, at *9-10 (N.D. Cal. July 10, 2013) ("[t]he complaint indicates that [plaintiff] resides in California… In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes." (internal citation omitted.)

### (2)   Defendant Golden Bank Is a Citizen of Texas

15.   For the purposes of jurisdiction, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In interpreting section 1348, the Supreme Court has clarified that "respectively located" refers

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

to the State of the bank's main office, as set forth in the bank's articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

16.    Defendant, Golden Bank (formerly known as "Texas First National Bank") is a national banking association organized under the laws of the United States and chartered by the Office of the Comptroller of the Currency (OCC). Golden Bank's main office and corporate headquarters are located at 9315 Bellaire Boulevard, Houston, Texas 77036. (Teng Decl., ¶ 4.) All corporate decision-making of Golden Bank takes place at its headquarters in Houston, Texas, including its company-wide operating and policy decisions. (*Id.*)

17.    Golden Bank has no members, subsidiaries, or affiliates. (Teng Decl., ¶ 5.)

18.    The citizenship of fictitiously-named "Doe" defendants shall be disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

19.    Accordingly, under 28 U.S.C. § 1332, there is complete diversity between Plaintiff and Golden Bank.

**(3)    Individual Defendants Patricia Chou and Candy Chan Are Sham Defendants Who Are Not Properly Joined, and Whose Citizenship Must Be Disregarded.**

20.    At all relevant times during her employment, Patricia Chou has resided in Houston, Texas. (Teng Decl. ¶ 8.) Candy Chan has resided in Fremont, California at all relevant times during her employment. (Teng Decl. ¶ 9.)

21.    For the purpose of diversity jurisdiction, the citizenship of the Individual Defendants, Patricia Chou and Candy Chan, should also be disregarded because they are not properly joined defendants. Generally, 28 U.S.C. § 1441(b)(2), referred to as the "forum defendant rule," restricts a defendant's ability to remove a case to federal court if any defendant who is a resident of the forum state has been properly joined and served." *Loewen v. McDonnel*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (emphasis added).

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

22. However, there is an exception to the complete diversity rule for fraudulently joined or "sham" defendants, who are not considered "properly joined" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (sham defendants are disregarded when determining diversity jurisdiction).

23. The joinder of a non-diverse defendant may be treated as a sham where: (1) the complaint contains no cause of action whatsoever against that party; (2) the cause of action is patently spurious; or (3) a nominal cause of action is stated, but there is no reasonable basis for imposing liability. Where such facts are demonstrated, the district court may disregard the party's citizenship and uphold diversity jurisdiction. *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962). Here, Plaintiff's own allegations confirm that Patricia Chou and Candy Chan are sham defendants who are not properly joined in this action.

24. Notably, Golden Bank need not prove fraudulent "intent" to show fraudulent joinder. Rather, fraudulent joinder is "merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant or in fact no cause of action exists. In other words, a joinder is fraudulent if there is no real intention to get a joint judgment, and …there is no colorable ground for so claiming." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, F.2d 1000, 1003 (4th Cir. 1990).

25. In determining whether Plaintiff's allegations are sufficient to state a claim against an individual defendant, it is axiomatic that the Court must consider the allegations specific to each individual defendant on his own and not in combination with allegations against other individual defendants. The Court may "pierce the pleadings" and consider evidence that is not present in the pleadings. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

26. Here, the Individual Defendants — Patricia Chou and Candy Chan — are sham defendants against whom Plaintiff will not be able to demonstrate liability. To be clear, the only causes of action brought by Plaintiff against Chou and Chan are: (1) the second cause of action for retaliation and wrongful termination in violation of Labor Code § 1102.5 (Compl. ¶ ¶ 94-94); (2) the third cause of action for retaliation and wrongful termination in violation of Labor Code § 232.5 (Compl. ¶ ¶ 95-103); and (3) the fifth cause of action for failure to permit inspection of personnel and payroll records as required under Labor Code §§ 1198.5 and 226(c) and (f) (Compl. ¶ ¶ 111-118). As asserted against Chou and Chan, each of these causes of actions are patently spurious or otherwise lack a reasonable basis for imposing liability, thereby rendering joinder of the Individual Defendants improper.

27. Plaintiff's second cause of action for retaliation and wrongful termination in violation of Labor Code § 1102.5, as pled against Chou and Chan, is patently spurious because section 1102.5 does not impose liability on individual defendants, *as a matter of law*. While section 1102.5 prohibits retaliation by "an employer, or any person acting on behalf of the employer," courts have consistently interpreted that statutory language as imposing on liability on employers only — and not on supervisors or any other individuals acting on behalf of employers. *See Dawson v. Caregard Warranty Serv., Inc,* Case No. 5:23-cv-01139-SB-SP, 2024 U.S. Dist. LEXIS 33737, at *8-10 (C.D. Cal. Jan. 12, 2024) (granting summary judgment on the section 1102.5 claim because the statute does not permit recovery against individuals who are not employers); *see also, Friedman v. Jenkins*, No. 23-cv-05036-JSW, 2024 U.S. Dist. LEXIS 48645, at *14-16 (N.D. Cal. Mar. 19, 2024) (dismissing section 1102.5 claim against individual defendant because the statute does not provide for individual liability); *see also*, *Mewawalla v. Middleman*, 601 F.Supp.3d 574, 608 (N.D. Cal. 2022) (holding that section 1102.5 does not impose personal liability on employees and supervisors); s*ee also, United States v. CardioDx, Inc.*, Case No. 15-cv-01339-WHO, 2019 U.S. Dist. LEXIS 83784, *39-41 (N.D. Cal. May 17, 2019) (collecting

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

district court cases holding that section 1102.5 does not impose personal liability on individuals acting on behalf of their employers).

28. The California Supreme Court has similarly held that individual employees cannot be held personally liable for retaliation under other analogous statutes, such as the Fair Employment and Housing Act (FEHA). *See Jones v. Torrey Pines Logic, Inc.*, 42 Cal. 4th 1158, 1173 (2008) (holding that supervisors are not personally liable for retaliation under FEHA). The above-referenced case authority make it abundantly clear that the California legislature did not intend to expand liability for whistleblower retaliation beyond employers under section 1102.5 — and certainly not to individuals, even those acting on behalf of employers.

29. Accordingly, section 1102.5's reference to "any person acting on behalf of the employer" does not transform ordinary supervisors into employers for purposes of liability. Cal. Lab. Code § 1102.5. Indeed, as held by the California Supreme Court, an "employer" is one who exercises control over wages, hours, or working conditions. *Martinez v. Combs*, 49 Cal. 4th 35, 71 (2010). In this case, neither Patricia Chou nor Candy Chan qualifies as an "employer" under California law. The Complaint confirms that Chan was Plaintiff's branch administrator and direct supervisor (Compl. ¶ 54) and that Chou was Golden Bank's HR Manager (Compl. ¶ 64). Their alleged conduct — requiring weekly reports (Compl. ¶ 60) and placing Plaintiff on a performance improvement plan (Compl. ¶ 64) — merely reflects routine supervisory and HR functions, not employer-level authority. On the other hand, it was Golden Bank which "owned, operated, and maintained the Alhambra Bank Branch" and hired Plaintiff as branch manager — not Chan or Chou (Compl. ¶¶ 49–50). These facts demonstrate that neither of the Individual Defendants exercised control over wages, hours, or corporate policy. As such, there is no reasonable basis for imposing liability on Chan or Chou under section 1102.5.

30. Plaintiff's third cause of action for retaliation and wrongful termination under Labor Code § 232.5 likewise fails against the Individual Defendants. Under this statute, no "employer" may "discharge, formally discipline, or otherwise discriminate against an

9

employee who discloses information about the employer's working conditions." Cal. Lab. Code § 232.5(b). On its face, the statutory language of section 232.5 imposes liability exclusively on employers — and not on supervisors or any other individual acting on behalf of an employer. It is axiomatic that courts must interpret statutes as they are written, and as such, courts should refrain from expanding liability beyond the Legislature's express language. *See City of Huntington Beach v. Bd. of Admin.*, 4 Cal. 4th 462, 468 (1992) ("[The court's] objective is to ascertain and effectuate [the] legislative intent"); *see also Lungren v. Deukmejian*, 45 Cal. 3d 727, 735 (1988) ("If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . .") (citation omitted). Accordingly, Plaintiff's section 232.5 claim against Patricia Chou and Candy Chan is patently spurious because that statute does not permit recovery against individual defendants, as a matter of law.

31. Finally, Plaintiff's fifth cause of action for failure to permit inspection of personnel and payroll records under Labor Code sections 1198.5 and 226(c) and (f) is improperly brought against the Individual Defendants. Labor Code section 1198.5 expressly states that "an ***employer*** shall, at reasonable times, upon the request of an employee, permit that employee to inspect the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Lab. Code § 1198.5(b)(1) (emphasis added). At present, there is no case law suggesting that section 1198.5 imposes liability on an individual employee, and nothing on the face of the statute indicates such intent. Likewise, Labor Code section 226(f) provides in relevant part that "[a]n employer […] shall afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer. Cal. Lab. Code § 226(f). (emphasis added). On their face, sections 1198.5 and 226 impose the requirement to provide records exclusively on the employer, and there is nothing in the statutory language that suggests that the Legislature intended to impose liability on non-employer individuals under those provisions. *See Futrell v. Payday Cal., Inc.* 190 Cal. App. 4th 1419, 1432 (2010)

10

(reinforcing that Labor Code obligations — including those in section 226 — apply only to employers). Accordingly, Patricia Chou and Candy Chan, as individuals, cannot be held liable for any alleged failure to permit inspection of personnel and payroll records, as a matter of law.

32. While there are certain circumstances in which individual employees may be sued for violations of the Labor Code, this is certainly not one of them. Individual liability for wage and hour violations only attaches to a person "who is an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1. Although Labor Code Section 558.1(a) states that any employer "or other person acting on behalf of an employer" may be liable for any provision regulating minimum wages or hours and days of work, the statute defines "other person acting on behalf of an employer" as limited to person "who is an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1(b). The statute adopts the definition of "managing agent" under California Civil Code 3294(b), which Courts interpret as a person who exercised "substantial discretionary authority over significant aspects of a corporation's business." *CRST, Inc. v. Superior Court*, 11 Cal. App. 5th 1255, 1273. The key inquiry thus concerns the employee's authority to change or establish corporate policy. (*Id.*) In this Action, Patricia Chou and Candy Chan do not meet the definition of a "person acting on behalf of the employer" under Section 558.1(b), nor do they meet the definition of a "managing agent" under California Civil Code 3294(b):

33. Here, the Complaint alleges a failure to provide personnel and payroll records by "Defendants" (Compl. ¶¶ 111–115), but is devoid of any facts suggesting that Chou or Chan had any involvement with Plaintiff's records requests, or that they had any involvement handling or controlling such records. Moreover, Plaintiff does not allege that Chou or Chan were owners, directors, officers, or managing agents of the employer under section 558.1. Instead, Plaintiff merely alleges that "Golden Bank owned, operated, and maintained" the Alhambra bank branch. (Compl. ¶ 50.) Thus, under the plain language of the Complaint, the Individual Defendants are, at best, supervisors or employees, which does not create personal liability under either statute. Therefore, Plaintiff's fifth cause of

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

action under Labor Code sections 1198.5 and 226 is patently spurious against the Individual Defendants.

34.     Plaintiff's Complaint fails to set forth any allegations substantiating any actionable claims against the Individual Defendants, Patricia Chou and Candy Chan.  The complaint makes it clear that they are ordinary employees — an HR Manager and a branch administrator (Compl. ¶¶ 54, 64) — with no ownership or policy-making authority. It was Golden Bank which controlled all employment terms. (Compl. ¶¶ 49–50, 67–68). As Plaintiff's own allegations confirm, Chou and Chan have been fraudulently joined to this Action for the sole purpose of defeating diversity-of-citizenship removal. Accordingly, the Patricia Chou and Candy Chan's citizenship must be disregarded for purposes of this removal.

**B.     Plaintiff's Action Exceeds $75,000.00 in Controversy.**

35.     Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, Golden Bank's removal of this action is proper because the amount in controversy here exceeds the jurisdictional minimum of $75,000.00. 28 U.S.C.  1332(a). The Court must presume that Plaintiff will prevail on each and every one of his claims in determining whether the amount in controversy is satisfied. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Circ. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

36.     In the Complaint's prayer for relief, Plaintiff expressly prays for a judgment with damages "in the amount of no less than $5,000,000." (Compl. Prayer for Relief ¶¶ 1-3.) As Plaintiff has alleged an amount of controversy of no less than $5,000,000, the jurisdictional minimum of $75,000.00 is readily met.

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

## VII.  CONCLUSION

37.   For the reasons above, Defendant GOLDEN BANK, N.A. maintains that this action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, et seq. and 1446(b). The action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Further, Patricia Chou and Candy Chan are sham defendants whose citizenship must be disregarded. As such, removal is permitted under these circumstances.

DATED: December 10, 2025                    JACKSON LEWIS P.C.

By: _____
Phong L. Tran
Maya N. Ramos
Attorneys for Defendants
GOLDEN BANK NATIONAL
ASSOCIATION doing business as
GOLDEN BANK, N.A.

4900-8764-1211, v. 2

13