UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

# JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**        ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

## I.        Introduction

Before the Court is a motion to remand filed by Plaintiff Gorden Phong ("Plaintiff"). Motion to Remand ("Mot."), ECF No. 11. For the following reasons, Plaintiff's motion is GRANTED.

## II.        Background

On October 23, 2025, Plaintiff Gorden Phong filed suit in the Superior Court of California, County of Los Angeles against Defendants Golden Bank, N.A. ("Golden Bank"), Candy Chan ("Chan"), and Patricia Chou. Complaint ("Compl."), ECF No. 1-1. Plaintiff alleges the following causes of action: (1) wrongful termination in violation of public policy; (2) retaliation and wrongful termination in violation of California Labor Code § 1102.5; (3) violation of California Labor Code § 232.5; (4) Private Attorney General Act; and (5) failure to provide personnel and payroll records. *Id.* ¶¶ 76-118. Defendants removed this case to federal court on December 10, 2025. Notice of Removal ("Rem."), ECF No. 1. Plaintiff filed the instant motion to remand on January 9, 2026. *See* Mot. The Court need not provide any further background as the facts are familiar to the parties and the motion boils down to two issues.

                                                                                                    :

                                                        Initials of Preparer        DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

## JS-6

### III.    Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV.    Discussion

Defendants removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Rem. at 4. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1). The parties do not dispute whether the amount in controversy has been met. Rather, the central issues in Plaintiff's motion relate to whether there is complete diversity.

For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff Phong and Defendant Chan are both citizens of California. *See* Compl. ¶¶ 5, 7; Rem. at 5-6 ("Chandy Chan has resided in Fremont, California at all relevant times during her employment."); Mot. at 4; Defendant Golden Bank's Opposition to Mot., ("Opp."), ECF No. 12, at 1 n.1 ("[T]he focus of this Opposition is largely on Candy Chan, the non-diverse, individual defendant, whom

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

## JS-6

Plaintiff has included in this Action for the sole purpose of defeating diversity."). It would thus appear at first blush that complete diversity does not exist in this case. However, Defendant Golden Bank presents two arguments in support of its position that this Court still has subject matter jurisdiction: (1) Plaintiff never served Defendant Chan; and (2) Defendant Chan was fraudulently joined. The Court addresses each argument in turn.

### A. Service on Non-Diverse Defendant

Golden Bank first argues that the Court should disregard Chan's citizenship because she has not been served in this case.[1] This argument relies on 28 U.S.C. § 1441(b)(2) (i.e., the forum defendant rule), which states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Golden Bank contends this provision allows defendants to remove a case to federal court as long as the non-diverse defendant has not been served.

The Court sees the forum defendant rule differently. First, the forum defendant rule appears to limit, not expand diversity jurisdiction, as Golden Bank attempts to do. *Ross v. United Airlines, Inc.*, 2022 WL 1302680, at *1 (C.D. Cal. Apr. 30, 2022). Second, the provision applies in cases that are "otherwise removable solely on the basis of [diversity jurisdiction],"[2] which is not the case here. 28 U.S.C. § 1441(b)(2). Because Plaintiff and Defendant Chan are both California citizens, the case was not removable

---

[1] Plaintiff concedes that Defendant Chan has not been served. Plaintiff's Reply to Opp., ECF No. 14, at 1-2 ("Plaintiff's counsel has attempted to have [Chan] served with the Complaint in this matter, which attempts were unsuccessful.").

[2] The Court's conclusion is further bolstered by the fact that in all of Defendant's cited cases where remand was denied, complete diversity existed among the parties before removal. *See Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051, 1053 (C.D. Cal. 2019) ("The parties do not dispute that complete diversity exists between Plaintiffs and Defendant."); *Lawton v. Hyundai Motor Am., Inc.*, 2023 WL 8018100, at *2 (C.D. Cal. Nov. 20, 2023) ("[Plaintiff] does not dispute that complete diversity exists between her and [Defendant]."); *Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, 2023 WL 2664246, at *1 (C.D. Cal. Mar. 28, 2023) (Plaintiff's principal place of business is in Hong Kong while Defendant is a California corporation).

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

# JS-6

solely on the basis of diversity jurisdiction. So, the forum defendant rule does not apply. Whether or not Plaintiff had served the non-diverse defendant at the time of removal is irrelevant to the question of diversity jurisdiction. *Wagner v. SpaceX*, 2025 WL 2161333, at *1 (C.D. Cal. July 28, 2025); *Hughes v. Too Faced Cosms., LLC*, 2019 WL 4750118, at *2 (C.D. Cal. Sept. 30, 2019). Third, it would be absurd to allow defendants "to use snap removal as an end-run around the requirement of complete diversity." *Martinez v. Optum Servs., Inc.*, 2024 WL 2092970, at *2 (C.D. Cal. May 6, 2024). Accordingly, the Court considers Chan's California citizenship for the purposes of determining diversity jurisdiction despite the fact that she has yet to be served.

The Court turns now to determining whether Chan was fraudulently joined.

### B.  Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is what Golden Bank contends here: that Chan is a fraudulently joined defendant such that her California citizenship does not undermine complete diversity.

So, is Chan a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Golden Bank argues that Chan is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against her. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756,

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

# JS-6

761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare*, 889 F.3d at 548. (quotations omitted) (cleaned up). Defendant Golden Bank fails to establish that Chan is a fraudulent defendant.

Defendant Golden Bank argues that Plaintiff cannot state a claim under California Labor Code § 1102.5 against Chan because the statute does not impose liability against individuals. Opp. at 9. Section 1102.5 "prohibits an employer[, or any person acting on behalf of the employer,] from retaliating against an employee for sharing information the employee 'has reasonable cause to believe . . . discloses a violation of state or federal statute' or of 'a local, state, or federal rule or regulation' with a government agency, with a person with authority over the employee, or with another employee who has authority to investigate or correct the violation." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 709 (2022) (quoting Cal. Lab. Code § 1102.5(b)).

The central dispute between the parties is whether Plaintiff can assert a claim under California Labor Code § 1102.5 against Defendant Chan as an individual. "Neither the California Supreme Court nor the state courts of appeal have definitively construed Section 1102.5 with respect to the question of the potential liability of individuals." *Jones v. Greyhound Lines, Inc.*, 2025 WL 2437995, at *2 (N.D. Cal. Aug. 25, 2025). It appears to the Court that the plain language of Section 1102.5—"[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for" whistleblowing—extends liability to individuals. The Court thus cannot say there is *no possibility* that Plaintiff could state a claim against Chan under Section 1102.5.

Defendant Golden Bank cites federal district court cases finding that section 1102.5 does not impose individual liability. Opp. at 10-11. However, these courts all reached this conclusion while ruling on motions for summary judgment or motions to dismiss, which implicate different standards than the jurisdictional question before the Court. The question here is not whether Plaintiff **has** sufficiently stated a claim under Section 1102.5—it is whether it is **possible** that Plaintiff **could** state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Indeed, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549. Ultimately, no California state court has dispositively foreclosed the possibility of stating a claim under Section 1102.5 against an individual.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-11730-SVW-DSR | Date | February 17, 2026 |
|---|---|---|---|

| Title | *Gorden Phong v. Golden Bank, N.A. et al* |
|---|---|

## JS-6

The Court thus finds that Plaintiff could state a valid claim against Chan. According to Plaintiff's complaint, during his employment with Defendant Golden Bank as a branch manager, he complained to his supervisor Defendant Chan about unfair or fraudulent business practices related to interest paid to customers and the failure to provide time off to another employee despite an earned and accrued vacation request. Compl. ¶¶ 49, 90. Plaintiff alleges that Defendants—including Chan—retaliated against him by increasing his quota, sending him a performance improvement plan, and terminating him, among other actions. *Id.* ¶ 90.[3]

As Plaintiff can possibly state a valid claim against Chan, the Court does not find that Chan was fraudulently joined. Because the Court finds no fraudulent joinder, there is not complete diversity in this case, as both Plaintiff and Chan are California citizens. Without complete diversity, there is no diversity jurisdiction, meaning the Court must remand the case. *Shipp v. Wal-Mart Assocs., Inc.*, 2025 WL 1248745, at *4 (E.D. Cal. Apr. 30, 2025); *Ferguson v. Marsh & McLennan Agency LLC*, 2021 WL 4974798, at *4 (N.D. Cal. June 10, 2021) (collecting cases).

### V.     Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings. The motion hearing set for March 9, 2026, is VACATED.

**IT IS SO ORDERED.**

---

[3] Defendant Golden Bank utilizes a declaration filed by Chan to argue that she "does not qualify as an 'employer' under California law." Opp. at 11. This, however, does not negate the fact that Chan could still fit under the parameters of California Labor Code § 1102.5 as someone "acting on behalf of the employer."

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | DTA |  |